```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X
                                                                         :
UNITED STATES OF AMERICA,                                                :
                                                                         :
       -v-                                                               :
                                                                         :         22 Cr. 309 (JPC)
MARCO DRUSKOVICH,                                                        :
                                                                         :         ~~SEALED AND EX PARTE~~
                            Defendant.                                   :         ORDER
                                                                         :
------------------------------------------------------------------------ X
```

JOHN P. CRONAN, United States District Judge:

On September 16, 2022, the Court received from counsel for Defendant an *ex parte* request for a subpoena, issued pursuant to Federal Rule of Criminal Procedure 17(c), compelling the New York Police Department ("NYPD") to produce "All Body Worn Camera video footage taken inside a residentail [sic] building located at 890 Elsmere Place, Bronx, New York 10460 on February 1, 2022 starting at 6 a.m. and continuing thereafter." Pursuant to an order of this Court, on September 29, 2022 counsel for Defendant submitted a supplemental letter brief, which provided arguments both for why the subpoena should be issued and for why the Government should not be given notice of the subpoena or of Defendant's request that it be issued.

Because Defendant seeks video recordings believed to be in the custody of the NYPD rather than the custody of the U.S. Attorney's Office or another federal agency, the Court will allow Defendant to seek those recordings through a Rule 17(c) subpoena rather than through a motion pursuant to Rule 16. And because requests for Rule 17 subpoenas are often submitted and granted *ex parte*, *see United States v. Ray*, 337 F.R.D. 561, 571-72 (S.D.N.Y. 2020), the Court will grant Defendant's request. The Clerk of Court is therefore respectfully directed to sign Defendant's requested subpoena requiring the NYPD to produce "All Body Worn Camera video footage taken inside a residential building located at 890 Elsmere Place, Bronx, New York 10460 on February 1,

2022 starting at 6 a.m. and continuing thereafter." Any footage produced must be returned in electronic format to this Court by October 28, 2022. To be clear, the Court takes no position at this stage on the merits of any motion to quash or modify the subpoena, in the event such a motion is later filed.

The Court is not persuaded, however, by Defendant's arguments as to why the Government should not be on notice of this subpoena. While the Court is mindful that premature disclosure of the evidence a party plans to use at trial may in many circumstances reveal that party's trial strategy, notice of this subpoena does not present that concern because Defendant has already requested the very same evidence directly from the Government. Thus, as permitted by Rule 17, the Court will permit the Government to inspect any recordings produced in response to this subpoena. Fed. R. Crim. P. 17(c)(1). To facilitate that review, Defendant is ordered to provide a copy of the subpoena to the Government in addition to the copy served on the NYPD. Furthermore, should the NYPD so request, counsel for Defendant should provide the name and contact information of the Assistant United States Attorney assigned to this case.

This Order shall initially be filed under seal and *ex parte*. If Defendant does not consent to its unsealing, by October 12, 2022 he must submit a letter explaining why it should remain sealed. If no letter is filed, the Order shall be unsealed on October 13, 2022.

SO ORDERED.

Dated: October 6, 2022  
  New York, New York

_____  
  JOHN P. CRONAN  
  United States District Judge