# RICHARD PALMA
**ATTORNEY AT LAW**
**122 EAST 42ND STREET - SUITE 620**
**NEW YORK, NEW YORK 10168**

MEMBER OF THE BAR                                            TEL. (212) 686-8111
NEW YORK                                                     FAX. (212) 202-7800
                                              E-MAIL: rpalma@verizon.net

Novemeber 10, 2022

**ECF**

Honorable John P. Cronan
United States District Judge
Daniel Patrick Moynihan U.S. Courthouse
  for the Southern District of New York
500 Pearl Street, Courtroom 12D
New York, N.Y. 10007

> **Re:  United States v. Marco Druskovich, Dk No. 22 CR 309 (JPC)**
> **Revised Proposed Defense Witness List, Update in**
> **Government's Changed Witness List, & Request to File Motion for**
> **Reconsideration.**

Dear Judge Cronan:

Having been advised this morning that the Government no longer intends to call NYPD Det. Hector Rodriguez, (described in the Government Opposition as "Detective-1" and "one of the arresting officers") but instead intends to call his partner, NYPD Det. Leslie Gauvin, I write to update Your Honor on the Defense's own revised plans.

First, should the Court decide to adhere to the present schedule, we would like to revise the Defense's witness list to include Det. Rodriguez, and the yet-to-be-identified Field Intelligence Officer Det. Rodriguez referenced in his September 16, 2022 interview at the U.S. Attorney's Office. See attached, 3501-01.

Second, since the Court's decision to grant a suppression hearing appears to have been premised on the Government's belated disclosure of Det Rodriguez's

**Page 2**
**Letter to Hon. John P. Cronan, U.S.D.J.**
**November 10, 2022**

claims concerning the quantum of evidence he and Detective Gauvin had amassed before they executed Mr. Druskovich's arrest, the Defense seeks permission to submit a motion seeking reconsideration of the Court's decision to grant a suppression hearing.

As Your Honor may recall, the Defense protested the Government's failure to submit Det. Rodriguez's late arriving and serendipitously dike-plugging account of the events leading up to Mr. Druskovich's arrest in sworn form.  The Defense further argued that the failure to submit those supplementary "facts" was a flaw fatal to the Government's attempt to salvage an arrest the Defense challenged as unsupported by probable cause.  In that it now appears that the Government has lost faith in Det. Rodriguez's (perhaps fortuitously unsworn) account, the defense believes it deserves an opportunity to argue anew the impropriety of allowing the Government what will now be a third bite of the probable cause apple on nought but unsupported self-serving claims of counsel.

None of the Rules of Criminal Procedure authorizes a generic motion to reconsider; the criminal rules lack a counterpart to the motions authorized by Fed.R.Civ.P. 50(b), 52(b), or 59. United States v. Rollins, 607 F.3d 500, 502 (7th Cir. 2010).  However, the Supreme Court has held that motions may exist independent of the Rules, as a matter of general practice. Id.  In a series of cases commencing with United States v. Healy, 376 U.S. 75 (1964), Justices have concluded that motions to reconsider in criminal prosecutions are proper and will be treated just like motions in civil suits.  See also  United States v. Dieter, 429 U.S. 6 (1976); United States v. Ibarra, 502 U.S. 1, 4 n. 2 (1991)(reaffirming *Healy*).   *Healy* holds that motions to reconsider (in district courts) are ordinary elements of federal practice that exist in criminal prosecutions despite their omission from the Rules of Criminal Procedure. 376 U.S. at 79-80. "The Court thought that silence in the criminal rules did not reflect a decision to *forbid* such motions, and that it would be beneficial to permit district judges to correct their oversights and errors.  Rollins, 607 F.3d at 502(emphasis in original).

Necessary because the Federal Rules of Civil Procedure do not specify the time periods governing a motion for reconsideration or reargument, Committee Note to Local Civil Rule 6.3,  Local Civil Rule 6.3 provides that, *"[u]nless otherwise provided by the Court* … a notice of motion for reconsideration or reargument of a court order determining a motion shall be served within fourteen (14) days after the entry of the Court's determination of the original motion." Local

**Page 3**
**Letter to Hon. John P. Cronan, U.S.D.J.**
**November 10, 2022**


Civil Rule 6.3   To codify the court's discretion to deviate from statute of limitation when circumstances warrant, "[t]he Committee has recommended that the first sentence of Local Civil Rule 6.3 be amended, *to clarify that the Court may set a different time for the filing of a motion for reconsideration or reargument*. Committee Note to Local Civil Rule 6.3 (emphasis added).

"Pursuant to Local Civil Rule 6.3, a party seeking reconsideration must demonstrate that the Court overlooked controlling decisions or factual matters that might materially have influenced its earlier decision." Nat'l Cong. for Puerto Rican Rights v. City of New York, 191 F.R.D. 52, 53 (S.D.N.Y.1999) (internal quotations omitted); see also Borochoff v. GlaxoSmithKline PLC, 07 Civ. 5574(LLS), 2008 WL 3466400, at *1 (S.D.N.Y. Aug. 12, 2008).

The standard for granting a motion for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir.1995). Reconsideration is appropriate only "if there has been an intervening change in controlling law, there is new evidence, or a need is shown to correct a clear error of law or to prevent manifest injustice." United States v. Sanchez, 35 F.3d 673, 677 (2d Cir.1994); Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir.1992).  It is within a district court's discretion to reconsider its suppression ruling even if it results in reopening a suppression hearing. See United States v. Bayless, 201 F.3d 116, 131 (2d Cir.2000).  See United States v. Tisdol, 450 F.Supp.2d 191 (D.CT. 2006) (because defendant proffers newly discovered evidence which the Court did not previously have an opportunity to consider, the Court grants defendant's motion and reconsiders its Suppression Ruling in light of this evidence.)

Here, the defense's motion would be based both on (1) belated disclosures of discovery material that is itself internally contradictory and which collectively contradicts claims sworn to in the complaint and (2) seemingly reactionary Government changes in strategy prompted by the Defense's witness list and requests for further discovery.  While it may necessitate a rescheduling of the suppression hearing, the Defense believes that sharing with the Court the full details of the atypical manner in which serial ground-shifting accounts of the pre-arrest events have been provided to the Defense would afford the Court factual

**Page 4**
**Letter to Hon. John P. Cronan, U.S.D.J.**
**November 10, 2022**


background that might facilitate its goal of seeing justice done.  See, e.g, <u>United States v. Cross</u>, No. 07–cr–730 (DLI), 2009 WL 3233267  (E.D.N.Y. Oct. 2, 2009).  Such background facts would likely be ruled irrelevant in the context of a suppression hearing.

   The Court may recall the many inconsistencies to which the defense alerted the Court in its response to the Government's Opposition.  Upon being further and fully informed of the additional facts, the Court would, of course, be free to deny the motion without reaching its merits.

   Finally, now that the Government is calling Det. Gauvin, I make a 3500 discovery request under FRCP 12 (h) for the production of his daily time sheet and any such information which would account for his employment as a NYPD Detective on February 1, 2022.

   If Your Honor has any questions regarding this matter, I am available immediately at 917-751-5754.

   Thank you.


        Respectfully submitted,
        s/ Richard Palma
        Richard Palma


Attachement: 3500 Material.


In light of the new information contained in the Government's letter submitted this morning, Dkt. 43, Defendant may revise his witness list for the upcoming suppression hearing.  Nonetheless, the Court will hold the suppression hearing as scheduled.  In the Court's view, questions concerning changes in the Government's theory of probable cause, including questions concerning whether those changes are relevant to the Court's ruling, may be addressed most efficiently at the hearing. To the extent that further written briefing would be helpful, the Court will request it following the hearing.  The Court is available only until 1:00 p.m. on November 15; if it proves impossible for all evidence to be heard by that time, the suppression hearing will be continued until after Thanksgiving.

SO ORDERED
Date: November 10, 2022
New York, New York

         _____
          JOHN P. CRONAN
         United States District Judge